IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11036
Summary Calendar
_____


ASHLEIGH JO KANE, a minor, by and through her
guardian and next friend, Michael Kane, Jr.;
DONNA STARK, Individually; CHARLES CULP, individually;
KRISTY DAWN CULP CARTER, Deceased, by and through
Donna Stark and Charles Culp, as heirs and legal
representatives of the Estate of Kristy Dawn Culp
Carter,

                                        Plaintiffs-Appellants,

versus

COUNTY OF HARDEMAN, TEXAS, ET AL.,

                                        Defendants,

COUNTY OF HARDEMAN, TEXAS; RANDY
AKERS, Hardeman County Sheriff,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-154-X
--------------------
May 17, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    The Appellants appeal the district court's grant of summary

judgment for County of Hardeman (the County), Texas, and Sheriff

Randy Akers in the civil rights suit arising from the events

surrounding the suicide of Kristy Carter while a pretrial

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

detainee in the County Jail.  We review de novo.  <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998).

The appellants do not raise arguments concerning the state-law claims or concerning the alleged violation of the Fourth and Eighth Amendments.  Thus, these issues are deemed abandoned on appeal.  <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

The appellants argue that Akers violated Carter's Fourteenth Amendment rights, and is therefore liable, because Akers knew Carter to be suicidal after the June 9 bond hearing and yet Akers deliberately placed Carter in a cell with a telephone, that had a metal cord which Akers knew would pose a risk to a detainee with suicidal tendencies or mental problems.  The appellants argue that Akers is not entitled to qualified immunity because his actions were objectively unreasonable in light of his knowledge of Carter's mental instability and his awareness of the risks from the presence of the telephone cord.  Therefore, they assert that Akers' actions amounted to deliberate indifference.

The deliberate-indifference standard applies when determining whether a jail official's episodic act or omission violated a pretrial detainee's Fourteenth Amendment right to medical care and to be secure from harm, including self-inflicted harm.  <u>Hare v. City of Corinth</u>, 74 F.3d 633, 647-48 (5th Cir. 1996) (en banc); <u>see</u> <u>Jacobs v. West Feliciana Sheriff's Dep't</u>, 228 F.3d 388, 393 (5th Cir. 2000).  The appellants alleged a violation of the Fourteenth Amendment.  <u>Flores v. County of</u>

Hardeman, 124 F.3d 736, 738 (5th Cir. 1997); see Jacobs, 228 F.3d at 393.

Although the appellants overcome the first hurdle of the qualified immunity standard, they fail to carry their summary-judgment burden on the second hurdle, demonstrating that Akers' conduct was objectively unreasonable in light of the clearly established law at the time of Carter's suicide. See Hare v. City of Corinth, 135 F.3d 320, 327 (5th Cir. 1998).

The summary-judgment evidence fails to reveal that anyone during the last days of Carter's life knew that she was suicidal. Although the deposition testimony of Carter's mother, Donna Stark Wert, indicates that Carter's mental stability deteriorated immediately following the June 9 bond hearing, Wert saw Carter only two times subsequent to June 9, Wert did not give an exact date for the last visit -- the first visit was on June 10 -- and Wert was out of town during the relevant period of the suicide. Carter committed suicide on the afternoon of June 24, 1995. The summary-judgment evidence reveals that the last person to see Carter alive was Linda Pritchard, the jailer who was in charge of the jail's daily operations and who reported to Akers. Pritchard, who had been trained according to the County's policy concerning suicide prevention, did not view Carter as being suicidal that day. Pritchard left Carter in good spirits less than one-half hour before Carter took her own life by using the metal cord from the pay telephone in her cell to hang herself.

Even by crediting as true Wert's testimony that she briefly spoke with Akers concerning Carter's desire to commit suicide

with Wert's assistance, the record lacks evidence indicating that anyone would have reasonably viewed the short telephone cord as a risk, a means by which a detainee could commit suicide. Two other suicides in the Hardeman Jail, one in 1990 and another in 1996, were done by hanging with the use of blankets or clothing. Most importantly, Akers was the ultimate supervisor who had delegated the daily jail operations to Pritchard. In general, a supervisor cannot be held liable under § 1983 for the actions of subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). For Akers to be liable as a supervisor under § 1983, "the [appellants] must show that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Smith, 158 F.3d 911-12. The summary-judgment evidence concerning the jailers' training and the policies followed in the jail does not lead to such liability in this case.

Because the summary-judgment evidence fails to raise a genuine dispute of a material fact concerning the objective reasonableness of Akers' acts, the district court did not err in granting summary judgment for Akers. See Flores, 124 F.3d at 739.

The appellants assert that the County is liable because Akers' policy of having telephones with metal cords in cells and of placing suicidal detainees in those cells amounts to a policy that is deliberately indifferent to the detainees' rights. They

contend that the district court's analysis concerning the County's liability is flawed because the court incorporated its errors from the earlier analysis in granting summary judgment for Akers. Only if the appellants can establish in a case like this "that an official acted with subjective deliberate indifference" may the County be held liable. Flores, 124 F.3d at 739. As explained above, the district court did not err in granting summary judgment for Akers. Accordingly, the County is entitled to judgment. Id.

AFFIRMED.